**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN A. PINO, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:15-1172 |
| v. | : | (MANNION, D.J.) |
| | | (CARLSON, M.J.) |
| MICHAEL CAREY, et al., | : | |
| Defendants | : | |

## **MEMORANDUM**

Pending before the court is the report of Magistrate Judge Carlson, which recommends that the plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted as to six of the named defendants, and further recommends that the plaintiff's motion to proceed in forma pauperis be granted. (Doc. 8).

By way of relevant background, on June 16, 2015, the plaintiff filed the instant action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights by the defendants in relation to events leading to his current term of imprisonment. (Doc. 1). The plaintiff also filed a motion seeking leave to proceed in forma pauperis along with his complaint. (Doc. 2). After screening the plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2), Judge Carlson concluded that it failed to state a claim upon

which relief can be granted with respect to six of the eight named defendants because the plaintiff had failed to allege any well-pleaded facts regarding these six defendants, and thus had failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

By report dated June 23, 2015, Judge Carlson recommended that the defendants' motion to dismiss the plaintiff's amended complaint be granted without prejudice, with respect to defendants Hand, Alexander, Letcavage, Aponick, Kyper, and Hamilton on the abovementioned basis. Judge Carlson also noted that the plaintiff's complaint fails on other, narrower grounds, specifically the plaintiff's failure to prove that defendant Hamilton was "acting under color of state law" as required for a claim under 42 U.S.C. §1983. Finally, Judge Carlson recommends that the plaintiff's claim for specified compensatory and punitive damages of $5,000,000 is inappropriate and must be stricken from the complaint as a violation of Local Rule 8.1. No objections have been filed by either party to Judge Carlson's report. However, the plaintiff subsequently filed an amended complaint on July 9, 2015. (Doc. 9).

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

2

Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed each of the recommended bases for dismissal of the plaintiff's complaint presented by Judge Carlson. Because the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report and finds no clear error on the face of the record, the court will **ADOPT** the report in its entirety, and will remand the matter to Judge Carlson for further case management related to the plaintiff's July 9, 2015, amended complaint, (Doc. 9). An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 4, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1172-01.wpd