# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PINO, | : | |
| | : | |
| Plaintiff | : | Civil No. 3:15-CV-1172 |
| | : | |
| v. | : | (Judge Mannion) |
| | : | |
| MICHAEL CAREY, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, John Pino, is a state prisoner serving what he describes as "a lengthy prison term" based upon the events which are the subject of this *pro se* complaint. (Doc. 1, ¶3.) Pino alleges that police used excessive force against him in the course of his arrest on a series of charges, including assault on police officer charges.

The parties are now engaged in discovery and Pino has sent us a cryptic request for 10 subpoenas. (Doc. 39.) He has not identified who he wishes to subpoena, what he seeks through the subpoenas, or how the sought information is relevant to the issues in this case.

We will deny this request. To the extent that Pino seeks to use subpoenas directed to non-parties as a discovery tool in connection with pretrial motions, we note that rulings regarding the proper scope of discovery, and the extent to which

discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's

resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

As we have noted in disposing of similar requests in the past: "[the plaintiff] has filed a motion seeking to compel the clerk to provide him with blank subpoenas. [The plaintiff] has not identified the parties to be subpoenaed. Nor has he provided any proffer of relevance in support of his request to subpoena unnamed parties in order to secure unidentified material. This Court has broad discretion in ruling upon *pro se* requests for subpoenas. Gay v. Petsock, 917 F.2d 768, 773 (3d Cir. 1990). In this case,[the plaintiff] has not identified these witnesses to be subpoenaed. Nor has he provided any proffer of relevance . . . . Accordingly, for all of these reasons, the plaintiff's motion to compel the clerk to provide blank subpoenas is DENIED." Moore v. Mann, No. 3:13-CV-2771, 2015 WL 7454749, at *3 (M.D. Pa. Nov. 24, 2015).

The same logic applies here and compels a similar result. Accordingly, for the foregoing reasons the plaintiff's's request for subpoenas (Doc. 39.), is DENIED without prejudice.

So ordered this 7th day of October 2016.

                                             *S/Martin C. Carlson*
                                             Martin C. Carlson
                                             United States Magistrate Judge