# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. PINO, | : |
| Plaintiff | : CIVIL ACTION NO. 3:15-1172 |
| v. | : (MANNION, D.J.) |
| | (CARLSON, M.J.) |
| MICHAEL CAREY, et al., | : |
| Defendants | : |

## **MEMORANDUM**

Pending before the court are the reports of Magistrate Judge Carlson, (Doc. 59, Doc. 60), which recommend that defendants Allar and Kyper's motion for summary judgment, (Doc. 45), be granted and plaintiff's motion for leave to file a second amended complaint, (Doc. 58), be denied. All of the other defendants in this case, except for defendant Carey, have previously been dismissed.

By way of relevant background, on June 16, 2015, the plaintiff filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights by the defendants in relation to events leading to his arrest, conviction and current term of imprisonment at SCI-Houtzdale. (Doc. 1). The plaintiff also filed a motion seeking leave to proceed *in forma pauperis* along with his complaint. (Doc. 2). After screening the plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2), Judge Carlson concluded that it failed to state a claim upon which relief can be granted with

respect to six of the eight named defendants. By report dated June 23, 2015, Judge Carlson recommended that plaintiff's motion to proceed *in forma pauperis* be granted and, that his complaint be dismissed without prejudice with respect to defendants Hand, Alexander, Letcavage, Aponick, Kyper and Hamilton. (Doc. 8). No objections were filed to Judge Carlson's report. However, the plaintiff filed an amended complaint on July 9, 2015. (Doc. 9).

On December 4, 2015, the court adopted Judge Carlson's report in its entirety and recommitted the case to Judge Carlson for further proceedings regarding plaintiff's amended complaint. (Doc. 11, Doc. 12).

On December 9, 2015, Judge Carlson screened plaintiff's amended complaint and issued another report, (Doc. 13), and recommended that the amended complaint, (Doc. 9), be dismissed with prejudice with respect defendants Hand, Alexander, Letcavage and Aponick for failure to state a cognizable claim against them. No objections were filed to Judge Carlson's report. On January 11, 2016, the court adopted the report in its entirety and dismissed plaintiff's amended complaint with prejudice with respect to defendants Hand, Alexander, Letcavage and Aponick. The court also directed that the amended complaint be served upon the remaining defendants Carey, Allar and Kyper. (Doc. 14, Doc. 15). Since Hamilton, who was previously dismissed without prejudice, was not named as a defendant in plaintiff's amended complaint, he was terminated as a party in this case. The case was then recommitted to Judge Carlson for further proceedings as

to the remaining defendants.

Defendant Carey filed his answer to plaintiff's amended complaint on March 4, 2016, (Doc. 25), and defendants Allar and Kyper filed their answer on April 6, 2016, (Doc. 26). Defendants also raised various affirmative defenses in their answers.

Discovery then ensued, including the deposition of plaintiff.

On October 13, 2016, defendant Carey filed a motion for summary judgment. (Doc. 41). On October 24, 2016, defendants Allar and Kyper jointly filed a motion for summary judgment. (Doc. 45). Both motions were briefed by the parties, statements of material facts were filed and exhibits were submitted.

On December 16, 2016, Judge Carlson issued his report and recommended that defendants Allar and Kyper's motion for summary judgment be granted. (Doc. 59). On December 19, 2016, Judge Carlson issued a report and recommended that plaintiff's December 12, 2016 proposed amended pleading, construed as a motion for leave to file a second amended complaint, (Doc. 58), be denied. (Doc. 60). Plaintiff filed objections to Judge Carlson's reports with attachments. (Doc. 61, Doc. 62, Doc. 63). Plaintiff's Doc. 62 filing appears to be both an objection to Judge Carlson's Doc. 59 report as well as his brief in opposition to defendant Carey's summary judgment motion.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In two of his filings, (Doc. 62, Doc. 63), plaintiff does not directly address Judge Carlson's pending reports and he does not indicate his specific objections to the reports. Rather, in both documents, plaintiff requests that he be allowed to proceed with respect to his original complaint

4

as against defendants Hand, Letcavage and Aponick. Plaintiff contends that when he filed his original complaint he did not have any evidence against these three PA state trooper defendants. But he states that when he received his transcripts from his June 2 and 3, 2014 criminal trial he saw that these defendants admitted they used physical force on him to remove him from his vehicle after defendant Carey shot him twice with his gun and after defendant Allar shot him with his taser gun at the time he was taken into custody on August 26, 2013. Plaintiff states that the trial transcripts reveal after Allar shot him with his taser, Aponick and Letcavage "used unnecessary physical force" and, that all three defendants removed him from his vehicle and took him to the ground. Plaintiff also states that when he was on the ground, Hand "dry stunned" him on his back with his taser cartridge and shot him with electrical pulse. Plaintiff further states that the transcripts show Letcavage also shot him with a taser gun. (Doc. 62).

As indicated, plaintiff's amended complaint, (Doc. 9), was previously dismissed with prejudice with respect defendants Hand, Letcavage and Aponick. (Doc. 11, Doc. 12). In fact, the dismissal of these three defendants with prejudice did not come until after Judge Carlson's initial report in which he recommended that plaintiff's original complaint be dismissed without prejudice with respect to several defendants, including Hand, Letcavage and Aponick. As such, plaintiff was given an opportunity to amend his pleading with respect to these three defendants and nonetheless, he still failed to state

a cognizable claim against them.

In any event, since plaintiff was present at is criminal trial, he certainly was aware of the testimonies of defendants Hand, Letcavage and Aponick, as well as the testimonies of all the Commonwealth's witnesses, at the time of his trial. Thus, any claim by plaintiff that he now has newly discovered evidence as to the personal involvement of these three defendants with respect to his constitutional claims is clearly without merit. Additionally, as Judge Carlson has repeatedly pointed out in his reports, the issue is not whether any defendant, including defendants Hand, Letcavage and Aponick, used physical force on plaintiff, but rather the issue is whether the physical force they used on plaintiff was excessive in violation of the Fourth Amendment.

Thus, insofar as plaintiff seeks the court to revisit its order dismissing his claims with prejudice as against defendants Hand, Letcavage and Aponick, (Doc. 12), and to permit him to proceed with his original complaint as against these defendants such request is denied.

Moreover, to the extent plaintiff references the Eighth Amendment in addition to the Fourth Amendment with respect to his excessive force claim which arose when he was being taken into custody and arrested, this claim falls only under the Fourth Amendment. "Where . . . the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth

Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Graham v. Connor, 490 U.S. 386, 394 (1989); Bergdoll v. City of York, 515 Fed.Appx.165, 170 (3d Cir. 2013); *see also* Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005) ("[T]he Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until 'after sentence and conviction.'" (citation omitted). The Fourth Amendment provides protection for "those actions which occur between arrest and pre-trial detention." Donahue v. Gavin, 280 F.3d 371, 381 (3d Cir. 2002). In addition to plaintiff's claim of excessive force, his claims of false arrest and malicious prosecution are also cognizable under the Fourth Amendment. *Bergdoll, supra*.

Additionally, even though neither of the reports at issue pertain to defendant Carey's separate motion for summary judgment, (Doc. 41), in his third document filed in response to the reports, (Doc. 61), plaintiff merely states as follows:

> Chief Carey: This Defendant should not be removed because he is the Defendant who shot the Plaintiff under the accusation that the vehicle was rocking back and forth with the Plaintiff sitting behind the steering-wheel. These actions where unwarranted under the circumstances stated in the Plaintiff's original complaint.

Defendant Carey filed his own motion for summary judgment, (Doc. 41), which will be addressed in a separate report by Judge Carlson. Thus, plaintiff's contention that his case should be allowed to proceed as against

7

defendant Carey is premature and he can raise any such argument in response to Carey's dispositive motion and, if appropriate, after Judge Carlson issues his report with respect to Carey's motion.

Plaintiff also attaches his Affidavit to his Doc. 61 filing, (Doc. 61-1), in which he avers that after defendant Carey shot him twice, once in the right arm and then in the right shoulder, while he was sitting unarmed in his immobilized vehicle on August 26, 2013, trooper Allar shot him with his taser gun. Plaintiff then avers that he was life flighted to Geisinger Hospital for surgery to repair the bullet wounds. Plaintiff states that after his surgery he was under doctors orders to get physical therapy and that he was transported to Good Samarian Hospital in Pottsville, PA. Plaintiff further avers as follows:

> On 9/11/13 Trooper[s] Kyper and Allar came to Good Samarian Hospital AND DRAGGED [plaintiff] out of therapy, took him to Schuylikill County Prison, without an arrest warrant, court order or a Release form from his Doctor. Their action violated [plaintiff's] Fourth, and Fourteenth Amendment rights by performing a warrantless arrest, using excessive force. The Fourth Amendment prohibits police officers from making unconsentual entry into a hospital. It is unconstitutional to stop therapy or medical treatment without a doctors consent. The arresting Troopers violated [plaintiff's] Eighth Amendment that prohibits using excessive force and more importantly cruel and unusual punishment. On 9-14-13 because Troopers dragged [plaintiff] out of therapy, thus, denying him the proper medical care, the Troopers caused [plaintiff] to fall on the steps inside the prison, when he was ordered to walk to counselor Frank's office. He had to be taken back to Giesinger Hospital, undergo a major knee operation on his right leg, [ ], in violation of his Eight and Fourteenth Amendment rights.

(Doc. 61-1, at 2).

Plaintiff further attaches a document titled "Justification for Unnecessary Police Violence", (Doc. 61-2), and a document titled "Plaintiff's Objections to the Dismissal of Defendants", (Doc. 61-3), to his Doc. 61 filing. In the three documents attached to his Doc. 61 filing, plaintiff is essentially realleging his claims against defendants Allar and Kyper which are thoroughly discussed by Judge Carlson his report in which he recommends that the motion for summary judgment of these defendants be granted. (Doc. 59). As Judge Carlson explains, the undipsuted material facts simply do not support plaintiff's constitutional claims against Allar and Kyper, namely, that Trooper Allar used excessive force when he deployed a taser as he assisted in plaintiff's arrest on August 26, 2013 and, that Troopers Allar and Kyper falsely arrested plaintiff on September 11, 2014 when they came to the hospital without a warrant, court order or doctor's release and forcibly removed him which compounded his injuries.

Despite plaintiff's filings, (Doc. 61, Doc. 62, Doc. 63), including his Affidavit in which plaintiff attests to facts without supporting documentation, the undisputed evidence, as detailed by Judge Carlson, (Doc. 59 at 3-4), and as supported by the documents submitted by defendants with their summary judgment motion as well as the records of plaintiff's criminal prosecution, reveals that Trooper Allar is entitled to qualified immunity regarding the excessive force claim since the deployment of his taser did not result in any electrical discharge and "because it is clear from the record that no

9

reasonable officer in the trooper's position would have believed he was violating a clearly established constitutional right by attempting to use a taser against a fleeing fugitive who had nearly struck several police officers with his vehicle." (Doc. 59 at 9) (citing, in part, Brown v. Cwynar, 484 Fed.Appx. 676, 681 (3d Cir. 2012)). With respect to Trooper Kyper, Judge Carlson explains that Kyper is also entitled to qualified immunity regarding the false arrest and malicious prosecution claims since Kyper arrested plaintiff pursuant to a lawful warrant and since there was ample probable cause to file the criminal charges against plaintiff stemming from the August 26, 2013 incident, especially since plaintiff was convicted of the charges and his underlying criminal case did not terminate in his favor. Thus, these claims against Kyper are also barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Finally, in Judge Carlson's Doc. 60 report, he recommends that plaintiff's motion for leave to file a second amended complaint, (Doc. 58), be denied based on futility with respect to defendants Hand, Letcavage and Aponick. Pursuant to the court's discussion above regarding defendants Hand, Letcavage and Aponick, the court concurs with Judge Carlson. With respect to defendant Carey, Judge Carlson finds that the allegations in plaintiff's "proposed second amended complaint are redundant of those already set forth in [his] first amended complaint." The court agrees and thus finds that the proposed seconded amended complaint is unnecessary as to Carey. As such, plaintiff's motion for leave to file a second amended

10

complaint, (Doc. 58), will be denied. *See* Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004) ("leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.").

The court has reviewed each of the recommended bases for granting the summary judgment motion of defendants Allar and Kyper, (Doc. 45), presented by Judge Carlson as well as his reasons for denying plaintiff's motion for leave to file a second amended complaint, (Doc. 58). Because the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his reports and finds no clear error in the record, the court will **ADOPT** the reports, (Doc. 59, Doc. 60), in their entirety. The court will recommit this case to Judge Carlson for consideration of defendant Carey's summary judgment motion, (Doc. 41). An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 28, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1172-03.wpd