# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. PINO, | : |
| Plaintiff | : CIVIL ACTION NO. 3:15-1172 |
| v. | : (MANNION, D.J.) |
| | (CARLSON, M.J.) |
| MICHAEL CAREY, et al., | : |
| Defendants | : |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Carlson, (Doc. 69), which recommend that defendant Carey's motion for summary judgment, (Doc. 41), be granted. All of the other defendants in this case, except for defendant Carey, have previously been dismissed. Also pending is the motion of plaintiff for a second extension of time to object to Judge Carlson's report and/or a motion to hold the case in abeyance. (Doc. 72). Plaintiff's request to hold this case in abeyance will be denied. The court will grant plaintiff's second request for an extension of time to file his objections.

## I. BACKGROUND

Briefly, by way of background, on June 16, 2015, the plaintiff filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights by the defendants in relation to events leading to his arrest, conviction and current term of imprisonment at SCI-

Houtzdale.¹ (Doc. 1). The plaintiff is now proceeding on his amended complaint which he filed on July 9, 2015. (Doc. 9). Defendant Carey filed his answer to plaintiff's amended complaint with affirmative defenses on March 4, 2016. (Doc. 25).

Discovery then ensued, including the deposition of plaintiff.

On October 13, 2016, defendant Carey filed a motion for summary judgment. (Doc. 41). The motion was briefed by the parties, a statement of material facts was filed as well as exhibits.

On June 16, 2017, Judge Carlson issued his report and recommended that defendant Carey's motion for summary judgment be granted since he found that Carey was entitled to qualified immunity. (Doc. 69).

On July 3, 2017, plaintiff filed a motion for an extension of time to file objections to Judge Carlson's reports which the court granted and gave plaintiff until July 31, 2017 to file his objections. (Doc. 70, Doc. 71).

On August 1, 2017, plaintiff filed a motion for a second extension of time to object to Judge Carlson's report and/or a motion to hold the case in abeyance "due to [plaintiff's] mental incompetence to file a meaningful appeal", i.e., objections. (Doc. 72). In his motion, plaintiff requests the court to place his case in abeyance "until his mental [condition] stabilizes and the

---

¹Since the full background of this case is stated in the court's April 28, 2017 Memorandum, (Doc. 66), it shall not be fully repeated herein. Additionally, the court will limits its discussion to information relevant to plaintiff's claims against remaining defendant Carey.

2

arrival of his corrective lenses." He also requests that if his stay is denied, that he be given another extension of time to file his objections.

Attached to this motion is a July 26, 2017 "Affidavit" of Jeffery Goodwin, seemingly a fellow inmate of plaintiff at SCI-Houtzdale, which is only signed by plaintiff.[2] (Doc. 72-1). In the Affidavit, it is alleged by Goodwin that plaintiff is "mentally uncapable (sic) to reply to any or all of [the court's] request" due to a fall plaintiff suffered in September 2015 in a non-handicap cell after the prison doctor removed his required handicap cell status. The Affidavit also alleges various instances of mistreatment plaintiff has suffered in prison. It further re-asserts some of the alleged constitutional violations plaintiff raised against the defendants in his pleadings in this case. Additionally, the Affidavit alleges that the prison mental health doctors are not treating plaintiff's mental disorders, namely, bipolar and PTSD disorders.

In the Affidavit, Goodwin also alleges that "[plaintiff] is in a dangerous state of depression that's trigging (sic) PTSD TRAUMA EVENTS OF THE

---

[2]The court notes that despite the fact that Goodwin "swear[s], that all information, statements included in this Affidavit are true and correct to the best of my knowledge and belief, and any false statement (sic) within may subject me to the penalities (sic) of prejury (sic) pursuant to 42 Pa.C.S.A. §4904", since Goodwin did not sign his Affidavit, it is not a valid Affidavit and is not admissible. Nor is the Affidavit, unsigned by Goodwin, valid pursuant to 28 U.S.C. §1746 since his signature is required. *See* Hughes v. Eitner, 2007 WL 2022088, *1 (W.D.Pa. July 10, 2007) ("Under 28 U.S.C. §1746, an unsworn declaration that is dated and signed by the declarant under penalty of perjury has the same force and effect as a sworn affidavit for purposes of any requirement imposed by any federal rule or regulation.") (citations omitted).

3

WAR HEARING VOICES WITH UNCONTROLABE (sic) MOOD SWINGS. MENTALLY UNCAPABLE (sic) OF UNDERSTANDING ANY LEGAL DOCUMENTS." Attached to the Affidavit are exhibits, (Doc. 72-1), including plaintiff's medical records from the Lebanon VA Medical Center dated in 2008 showing his diagnoses of bipolar disorder and post traumatic stress disorder ("PTSD"). Also, included as exhibits are copies of Inmate Request to Staff Member forms plaintiff submitted in July 2017 in which he requested mental health treatment.

Finally, it is alleged in the Affidavit that the prison medical staff deprived plaintiff of his required eye drops for his glaucoma and that he has been mistreated by prison staff regarding his medical need for dark glasses. It is also indicated that the lenses of his glaucoma glasses are being properly tinted and that plaintiff has not yet received them.

The court directed defendant Carey to respond to plaintiff's motion and he did so, through counsel, on August 18, 2017. (Doc. 74).

The court has reviewed the filings of the parties and will deny plaintiff's request to hold his case in abeyance and for an indefinite stay of his case due to alleged mental incompetence. The court will grant plaintiff's second request for an extension of time to file his objections to Judge Carlson's report recommending that defendant Carey's summary judgment motion be granted and this case be closed.

## II. DISCUSSION

At the outset, the court notes that none of plaintiff's unsubstantiated allegations of mistreatment at SCI-Houtzdale stated in the Affidavit are at issue in this case and will not be addressed herein.[3]

Next, the court addresses plaintiff's request to stay his case and hold it in abeyance due to his alleged incompetency from his mental conditions. In his Doc. 72 motion, plaintiff states that "[his] mental impairment compels him to hear voices among experiencing delusional episodes until his prescribed medications are calibrated to stabilize his psyche." Thus, the court will first address whether plaintiff is competent within the meaning of Fed.R.Civ.P. 17(c).

The court in Monroe v. Bryan, 881 F.Supp.2d 623, 628 (D.Del. 2012), discussed Rule 17(c) and stated:

> The district court has a responsibility to inquire sua sponte, under Fed.R.Civ.P. 17(c)(2), whether a pro se litigant is incompetent to litigate his action. Powell v. Symons, 680 F.3d 301, 303, 307 (3d Cir. 2012). Rule 17(c)(2) provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

---

[3]The court notes that plaintiff is required to exhaust his administrative remedies available with the DOC with respect to each of his claims of mistreatment at the prison prior to filing an action in court. This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. Booth v. Churner, 532 U.S. 731, 739 (2001).

5

> Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Powell, 680 F.3d at 307 (3d Cir. 2012) (citing Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity" but, "if there has been a legal adjudication of incompetence ... that is brought to the court's attention, the Rule's provision is brought into play." Id. (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. Powell, 680 F.3d at 303.

Plaintiff has failed to produce any recent mental health records that indicate he is receiving mental health treatment and that he is incompetent. Although plaintiff submitted records showing he was diagnosed with PTSD and bipolar disorder in 2008 by the VA and was prescribed medications for these conditions, (Doc. 17-2), he has not submitted any records reflecting his current mental health conditions and their affect on him. Further, plaintiff has not presented any evidence from "an appropriate court of record or a relevant public agency indicating that [he] had been adjudicated incompetent," nor has he presented "any verifiable evidence from a mental health professional demonstrating that [he] is being or has been treated for mental illness of the type that would render him or her legally incompetent." Id. (citing Powell, 680 F.3d at 307). Additionally, the court has not been provided with plaintiff's

6

most recent mental health status examination by the prison medical staff. Plaintiff's requests to prison staff for mental health treatment are not sufficient to constitute the necessary medical evidence under Rule 17(c).

Moreover, as defendant Carey points out, (Doc. 74 at 2), in his response to plaintiff's Doc. 72 motion:

> plaintiff's self-serving claim of hearing "voices" predates his filing of the present case and, in fact, was previously raised by him as excuse for his criminal conduct on August 26, 2013 and which lead to his arrest and present incarceration. Plaintiff's alleged mental status did not hinder plaintiff's initiation of the present action nor does it justify abeyance of the present action or further delay of the disposition of Responding Defendant Carey's Motion for Summary Judgment.

As such, the court finds that the evidence plaintiff submitted is not sufficient to show that he is incompetent. "Inasmuch as there is no substantial question regarding the competence of plaintiff, it is not necessary to conduct a Rule 17(c) competency hearing." Id.

Thus, based on the above discussion, the court finds plaintiff is presently competent to proceed with his case. As such, plaintiff's request for appointment of counsel in the Affidavit, (Doc. 72-1), which simply states that "a person who is mentally incompetent should be granted an Attorney", will be denied since the court has found plaintiff is competent. Therefore, the court will not appoint a guardian or counsel to represent plaintiff's interests. *See* Monroe, 881 F.Supp.2d at 628-29. Nor will the court hold this case in abeyance.

## III. CONCLUSION

Because plaintiff is competent to proceed with his case, his request to hold in abeyance and stay this matter will be denied. (Doc. 72). However, the court will grant plaintiff's second request for an extension of time within which to file his objections to Judge Carlson's Doc. 69 report finding that defendant Carey is entitled to qualified immunity and recommending that Carey's summary judgment motion be granted. Plaintiff will be given until September 18, 2017 to file his objections. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 5, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1172-04.wpd